UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAWFIQ MORRAR AND
AMNA SALAMEH.,

    Plaintiffs,

  v.

UNITED STATES AND USDA FOOD &
NUTRITION SERVICE,

    Defendants.

No. 2:19-cv-00833-KJM-KJN

ORDER DENYING
PLAINTIFF'S MOTION FOR LEAVE
TO TAKE EXPEDITED DISCOVERY

On June 20, 2019, the Court entertained oral argument regarding Plaintiffs' motion for leave to take expedited discovery (ECF No. 10) in connection with their motion for preliminary injunction (before District Judge Mueller, set for a hearing June 28—see ECF No. 7). At the hearing, attorney Bashar Ahmad appeared in person and attorney Stewart Fried appeared telephonically on behalf of Plaintiffs; attorney Edward Olsen appeared on behalf of Defendants.

After carefully considering the written briefing, the oral argument, and the applicable law, and for the reasons stated on the record at the hearing, the Court finds a lack of good cause to grant Plaintiff's request for expedited discovery under Fed. R. Civ. P. 26(d). Trulite Glass & Aluminum Solutions, LLC v. Smith, 2016 WL 8738432, at *1 (E.D. Cal. Aug. 10, 2016). In determining whether good cause justifies expedited discovery, courts commonly consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the

1

purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Apple Inc. v. Samsung Elecs. Co., 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011).

While true that a preliminary injunction is pending before Judge Mueller, the remaining four factors weigh against Plaintiffs. Plaintiffs requested leave to take 25 Requests for Admissions, 10 Requests for Production of Documents, 10 Interrogatories, and 2 four-hour depositions of a USDA and an FNS representative. Given that Plaintiffs waited a month after filing their complaint to request the expedited discovery—leaving Defendant just *four days*[1] to respond to this broad ask—the Court finds the breadth, timing, and burden factors weigh against Plaintiffs. Further, and most damaging, Plaintiffs could not articulate what specific discovery would aid them in their motion for preliminary injunction before Judge Mueller. Plaintiffs argued they need discovery on Defendants' interpretation of certain regulations and administrative guidance, in order to demonstrate the likelihood of success on the merits of their case (the first prong of the preliminary injunction test). However, these issues appear purely legal in nature. Plaintiffs were also concerned that Defendants may attempt to rely on documents above and beyond what has already been submitted to Judge Mueller, but the Court finds this assertion speculative—especially given that counsel for Defendants asserted at the hearing that Defendants did not plan to rely on any documents outside of their briefing and the administrative record. Should any of these factual issues Plaintiffs speculate about actually arise at the preliminary injunction hearing, Judge Mueller can resolve them as she sees fit. Therefore, Plaintiffs' requested discovery would serve no purpose in aiding their arguments in the preliminary injunction matter.

////

////

////

////

---

[1] Given Judge Mueller's order advancing the preliminary injunction hearing to 6/26, in actuality, this would leave Defendants only *two* days to respond to the discovery request. (ECF No. 16.)

IT IS HEREBY ORDERED that Plaintiffs' motion to conduct expedited discovery (ECF No. 10) is DENIED.

Dated: June 21, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

morr.833